834

Domingo Gilormini, demandante y apelante, v. Nicolás Lorenzo, demandado y apelado.

No. 5662.—*Sometido:* Diciembre 8, 1932. *Resuelto:* Marzo 28, 1933.

Víctor M. Pons, abogado del apelante; C. Domínguez Rubio, abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En la presente acción, iniciada por Domingo Gilormini contra Nicolás Lorenzo, se alega que en 27 de abril de 1929, en la ciudad de Guayama, el demandante y el demandado celebraron un contrato verbal mediante el cual el segundo vendió al primero toda la cosecha de hojas de malagueta de su finca, que estimó en quinientos quintales, más o menos, a un precio de $2.12 por quintal, comprometiéndose el vendedor a entregar dicha malagueta al comprador en partidas semanales. Se alega además que el demandado entregó al demandante la primera partida de treinta sacos de malagueta y que más tarde se personó en la fábrica del demandante, donde manifestó que no podría entregar más malagueta porque la había vendido a la fábrica de Guamaní. El demandante requirió por carta al demandado para que cumpliese con lo convenido, no habiendo dicho demandado contestado al demandante su comunicación. Continúa alegando el demandante que ya roto e incumplido por parte del demandado el referido contrato, dicho demandado remitió en mayo 16 de 1929, otra partida de catorce sacos de hojas de malagueta que el demandante dejó por su cuenta hasta tanto le diese una explicación satisfactoria por haber dejado de cumplir su parte del contrato, dirigiendo una comunicación a dicho demandado

bajo pliego certificado que fué devuelta al demandante por la oficina de correos. Luego el demandado mandó a recoger los referidos catorce sacos de malagueta. Se establece también una segunda causa de acción en la cual el demandante reclama ciertos daños y perjuicios que se le han ocasionado con motivo del incumplimiento del contrato por parte del Sr. Lorenzo.

El demandado contestó negando generalmente los hechos alegados en la demanda.

La prueba practicada en este caso es abundante y variada. La acción ejercitada se basa en un contrato verbal que se dice fué celebrado entre demandante y demandado en presencia de tres personas que trabajaban con el demandante en el momento en que, según éste, se llevó a efecto dicho contrato. La prueba es contradictoria. La corte inferior no dió crédito a la del demandante y sí a la del demandado. Se trata sencillamente de una cuestión de hecho sobre la cual ha emitido su juicio el tribunal juzgador. Las cuestiones de derecho planteadas surgen de errores que se atribuyen a la corte en la admisión de la prueba y en haber actuado movida por pasión, parcialidad y prejuicio, y haber incurrido en manifiesto error.

Dada la apreciación que la corte hace de los hechos, es claro que aun eliminada la prueba que se considera erróneamente admitida, hubiese llegado a la misma conclusión. El demandante y sus tres testigos, Dionisio Figueroa, Jesús Mauras y Juan Castoire, declaran que el demandado estuvo en la fábrica de esencia de malagueta de Domingo Gilormini a ofrecer la hoja que tenía para vender, y convino en venderla en la forma que se alega en la demanda. Refiriéndose a estos testigos dice la corte inferior:

"La Corte no ha quedado convencida, por estos testimonios, de que tal cosa ocurriera en la forma y manera como se alega en la demanda. Estos testigos incurrieron en contradicciones de importancia, algunos recordaron detalles de pequeña significación; y otros no pudieron dar una explicación razonable y lógica de ciertos detalles; algunos fijaron fechas de acontecimientos con exacta precisión y en

cambio otros no podían establecer otros pormenores, siendo estos últimos acaso más importantes en la vida de estos hombres, que los que se relacionaban con el supuesto contrato."

Continúa la corte discutiendo el testimonio de estos testigos, a los cuales según se deduce de sus conclusiones, no da crédito alguno. Estos son los testigos del demandante que se dice presenciaron el contrato. Refiriéndose a la declaración del demandado Sr. Lorenzo dice la corte inferior:

"La declaración que creemos lógica y razonable del Sr. Lorenzo explicando la operación que hizo con la malagueta, cómo la hizo por qué la hizo y dónde la hizo, han llevado a nuestro ánimo la impresión de que su testimonio merece entero crédito, y que pertenece a la clase de los que, aunque sea contradicho, dejan la huella de su certeza tan grabada en la mente del juzgador que difícilmente pueden destruirla o borrarla otros testimonios. Este testigo está en opinión de la corte en la categoría de aquéllos a que se refirió la Corte Suprema en el caso de Lausell v. R. R. . . ."

Expresa la corte inferior que la prueba no la ha convencido de la existencia del contrato y termina diciendo que el demandante no ha probado su caso. La apreciación de la prueba por la corte sentenciadora no debe ser cambiada, alterada o modificada por esta corte de apelación sin razones que lo justifiquen. No sería tampoco empresa fácil para nosotros formular nuestro juicio independientemente del tribunal sentenciador. Creemos que la corte estuvo justificada al declarar que el demandante no ha probado sus alegaciones. La corte a quo no creyó los testigos que aparecen presenciando el alegado contrato, muy acertadamente, a nuestro juicio, porque estos testigos, según se deduce de su testimonio, no dan la sensación de estar diciendo la verdad. La declaración del Sr. Gilormini aisladamente considerada no produce la misma impresión. Examinada la prueba en conjunto, sin embargo, no nos extraña que haya podido engendrar dudas en el ánimo del juzgador. La prueba es confusa y dudosa, y lejos de esclarecer los hechos tiende más bien a obscurecerlos. Es muy difícil espigar la verdad, cuando se exa-

minan los autos y se analiza la prueba presentada por una y otra parte. La sentencia apelada declara que el contrato no ha sido probado. No creyó la corte inferior a los testigos que se dice presenciaron la alegada transacción. Esta evidencia, que no mereció crédito alguno, fué ofrecida por el propio demandante. La corte inferior, en presencia de esta prueba, que fué contradicha por la del demandado, dictó su fallo, que nosotros aceptamos, porque es dicha corte la llamada a apreciar la prueba y porque además creemos justificada su conclusión de que el demandante no ha probado sus alegaciones. En cuanto al pronunciamiento sobre costas, entendemos que cada parte debe pagar las suyas y que *debe modificarse el fallo de la corte inferior, confirmando la sentencia sin especial condenación de costas.*