Luis Ramón Rivera, demandante y apelante, *v.* Aurora López Vda. de González, conocida por Lola López y por Lola, Teodora y Aurora González; Vicente Eduardo, Aurora-Milagros y Carlina González López, demandados y apelados.

Núm. 9308.—*Sometido:* Abril 9, 1946. *Resuelto:* Mayo 31, 1946.

*José Sabater,* abogado del apelante; *Andrés Ruiz, Jr.,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Aurora López Vda. de González, conocida por Lola López, y sus hijos Carlina, Vicente Eduardo y Aurora Milagros González López eran dueños en común proindiviso de una finca urbana en Mayagüez. Se alega en la demanda que los demandados le vendieron la antes mencionada finca, actuando doña Lola como apoderada de su hija Carlina residente en Nueva York, por la cantidad de $2,500, pero que al irse a elevar el traspaso a escritura pública se negaron a hacerlo y a menos que el demandante les pagase $3,000 que le había ofrecido otra persona por la propiedad. Solicitó se ordenara a los demandados otorgar escritura a su favor en cumplimiento del contrato celebrado.

Alegaron los demandados que nunca le vendieron la finca a Rivera; que la demandada Aurora o Lola López estableció negociaciones con él para la venta por la cantidad de $2,800 pues sus hijos no aprobaron que se vendiera por $2,500, y que mientras ella estaba en trámites con el demandante, quien le ofrecía $2,500, su hijo Vicente Eduardo los estableció también con el Sr. Félix Santiago, quien ofreció $3,000 por la finca y que en efecto fué vendida al Sr. Santiago.

La Corte de Distrito de Mayagüez dictó sentencia a favor de los demandados declarando sin lugar la demanda con costas.

Apeló el demandante y alega que la corte inferior erró al declarar que no hubo contrato entre los demandados y el demandante sobre la compraventa de la finca urbana a que se refiere la demanda; al declarar que los hijos de doña Aurora López, Vicente Eduardo y Aurora Milagros no se entrevistaron ni discutieron el precio de venta con el demandante y al declarar que el corredor Gilberto Mirabal no le mereció entero crédito y al no darle valor a la declaración del testigo Lic. Enrique Báez García, el notario que intervino en el negocio, ni al testigo Rafael Quiñones Otero.

■■ Como puede verse los tres errores señalados atacan la apreciación que de la prueba hizo la corte sentenciadora. Dicha prueba fué contradictoria y después de revisar cuidadosa y detenidamente la transcripción de la evidencia no estamos convencidos de que la corte inferior cometiera los errores señalados. La mera imputación de manifiesto error en la apreciación de la prueba al igual que la de haber actuado la corte con pasión, prejuicio y parcialidad no es suficiente para que esta Corte revoque una sentencia. Debe alegarse y probarse o resultar evidente de los autos. *Velázquez v. Buen. Blanco,* 50 D.P.R. 294; *Gilormini* v. *Lorenzo,* 44 D.P.R. 834.

En el caso de autos la prueba de los demandados a la cual dió crédito la corte inferior, tendió a demostrar que los

codemandados Vicente. Eduardo y Aurora Milagros González López en ningún momento tuvieron trato ni celebraron contrato alguno con el demandante ni autorizaron a su madre a venderle la finca en $2,500. En cuanto a la codemandada su declaración tendió a demostrar que ella le pidió al demandante $2,800 por la finca y éste le ofreció $2,500; que sus hijos no intervinieron en las conversaciones que tuvo con el demandante y que ella nunca autorizó al corredor Mirabal, ni a ninguna otra persona, a intervenir en la venta de la casa y que tampoco autorizó al demandante a que le pagara comisión a Mirabal por el negocio; que ella le prestó la escritura de la finca al demandante para estudiarla o consultar con su abogado y le permitió medir el solar, pero que no le autorizó a mandar a preparar una escritura de compraventa a base de un precio de $2,500, el cual nunca fué aceptado por ella ni por sus hijos.

No habiendo dado crédito la corte inferior a la prueba del demandante al efecto de que todos los demandados intervinieron en el negocio y que esto se hizo a base de un precio de $2,500 y, siendo la prueba contradictoria, *procede confirmar la sentencia apelada.* .