Delgado Hernández, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Nelly Peña e Isabel Rondón apelan de una sentencia del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, que desestimó su reclamación de daños y perjuicios contra Seguros Triple S, Inc. y otros. Examinados los autos, concluimos que la doctrina de cosa juzgada les impide relitigar lo que fue objeto de adjudicación al desestimarse y finalizar un primer pleito entre las partes.
I
El 4 de septiembre de 1992, Peña y Rondón presentaron una demanda por daños y perjuicios contra Efraín Aponte, Juan Ortiz Lorenzo y Seguros de Servicios de Salud de Puerto Rico Inc., como aseguradora de éste. Alegaron, en síntesis, que el 18 de febrero de 1992 ocurrió un accidente automovilístico por culpa y negligencia de Aponte, mientras conducía un vehículo perteneciente a Ortiz Lorenzo.
El 20 de julio de 1994 y notificada el 7 de octubre de 1994, el Tribunal de Primera Instancia archivó y desestimó la demanda a tenor con las Reglas 36.3, 36.4, y 39.2 (a) y (b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Nunca se recurrió de dicho dictamen, por lo que el mismo advino final y firme.
El 3 de noviembre de 1994, Peña y Rondón presentaron una nueva demanda en la cual reclamaron daños por los mismos hechos y contra las mismas partes, con excepción de la aseguradora. En lugar de Seguros Servicios de Salud, demandaron a Seguros Triple S., Inc. Alegaron que ésta era responsable por haber expedido una póliza a favor de Ortiz Lorenzo. El Tribunal de Primera Instancia desestimó la demanda. De dicho dictamen apelan Peña y Rondón. Confirmamos.
II
Existe cosa juzgada cuando entre un caso anterior y aquel en el cual se aplica ésta, existe la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343. La misma tiene el efecto de impedir *1195 que se litiguen las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas en la primera acción. Díaz v. Navieras, 118 D. P.R. 297, 304-305 (1987); Pagán v. U.P.R., 107 D.P.R. 720, 732-733 (1978).
La demanda cuya desestimación se cuestiona ante nos es virtualmente una copia de la demanda que fue desestimada el 20 de julio de 1994. En ambas, las apelantes solicitan contra Aponte y Ortiz Lorenzo una compensación de $5,400 por daños alegadamente sufridos en un accidente que tuvo lugar el 18 de febrero de 1992. Nunca se apeló del dictamen original, por lo que el mismo advino final y firme.
La primera sentencia, por tanto, opera como cosa juzgada sobre el segundo pleito, sin que la inclusión de una aseguradora distinta a la que fue originalmente demandada sea óbice para la aplicación de la doctrina de cosa juzgada en cuanto a las partes del pleito original. Ramos v. Félix Medina, 121 D.P.R. 312, 337 (1988).
Tampoco puede prosperar la acción contra la nueva aseguradora, Seguros Triple S, Inc. Según la demanda, la responsabilidad de ésta es contingente a la obligación de responder por los daños alegadamente ocasionados por el vehículo de Ortiz Lorenzo. Tomando en consideración el hecho de que la reclamación contra Ortiz Lorenzo fue desestimada mediante uña sentencia que advino final y firme, su aseguradora no responde.
No obstante, Peña y Rondón alegan que Seguros Triple S, Inc. reconoció serle responsable a la primera, al cursarle una carta relacionada con un relevo y por haberle enviado un cheque por $110.00. Sostienen que ello les permite demandar a la aseguradora por incumplimiento de contrato. No les asiste la razón.
Las apelantes aluden a una hoja de trámite, fechada 18 de marzo de 1992, en que Seguros Triple S, Inc. le indica a Peña que debe devolverle un relevo, a cambio de lo cual la aseguradora le enviaría un cheque por $110.00, copia del que se incluyó en el apéndice. Mencionan además un relevo mediante el cual Peña relevaría de responsabilidad a Seguros Triple S, Inc. y a Ortiz Lorenzo, a cambio de $360.00.
De lo expuesto no puede colegirse una admisión de responsabilidad. Los documentos son indicativos de un trámite general dirigido a gestionar y lograr un acuerdo de transacción entre las partes. En este contexto, las conversaciones sobre una posible transacción no son equivalentes de un reconocimiento de deuda. Cruz v. González, 66 D.P.R. 211, 215 (1946); I-2 Albaladejo, Derecho Civil, Bosch, Barcelona, 1973, pág. 359; XXXII- 2 Scaevola, Código Civil, Reus, Madrid, 1965, pág. 972.
El hecho de que un litigante haga ofertas de transacción o de arreglo antes del pleito o durante su tramitación no se considera como una admisión o reconocimiento de responsabilidad. A lo sumo, significa que desea evitar el pleito o su continuación, por lo que tal clase de prueba nunca debe ser permitida por el tribunal. Acosta v. Matos, Op. de 5 de abril de 1994, 94 JTS 47, pág. 11761; Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 480-481 (1980).
Tampoco se perfeccionó la transacción propuesta, por lo que no existe un contrato por el que pueda imponérsele responsabilidad a la aseguradora. Adviértase que Peña no firmó el relevo. Tampoco cambió el cheque de $110.00 que le envió Seguros Triple S, Inc. Es evidente que la parte demandante no aceptó la cantidad ofrecida por la aseguradora a cambio de relevar a ésta y al asegurado de responsabilidad. De haberlo hecho, no podría insistir en mantener la presente acción. Por ende, el trámite extrajudicial no desembocó en el perfeccionamiento de un contrato por cuyo incumplimiento sea responsable Seguros Triple S, Inc., Neca Mortgage Corp. v. A & W Developers, Opinión de 7 de febrero de 1995, 95 JTS 10, págs. 603-606.
Por los fundamentos expuestos se confirma la sentencia.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General