Félix González Pérez, demandante y apelante, v. José Vélez Santiago, demandado y apelado.

Núm. 9685.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 9, 1948.

*Jorge Díaz Cruz,* abogado del apelante; *William Morales Torres,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Félix González Pérez instó ante la Corte de Distrito de Ponce demanda de *injunction* para recobrar la posesión de un solar de 16 pies de frente por 45 pies de fondo, del cual, según sostenía, el demandado tomó posesión, sin estar autorizado para ello, dentro del año inmediatamente anterior a la radicación de la demanda. Trabada la contienda al presentarse la contestación del demandado y negarse los hechos esenciales de la demanda, procedióse a la celebración del juicio. Luego de oír amplia prueba testifical y de considerar la documental aducida, la corte inferior dictó sentencia declarando sin lugar la demanda e imponiendo al demandante las costas y $100 por concepto de honorarios de abogado.

No conforme con la sentencia así dictada el demandante ha apelado para ante este Tribunal y en apoyo de su recurso sostiene que la corte a quo cometió grave error (1) al apreciar la evidencia; (2) al interpretar las disposiciones de la ley especial de 1913 y (3) al condenarle al pago de honorarios de abogado.

Al igual que lo han hecho las partes, discutiremos conjuntamente los dos primeros errores señalados. Para ello es menester hacer, aunque a grandes rasgos, una relación de la prueba ofrecida por las partes. La del demandante tendió a demostrar que desde hace 8 ó 10 años es dueño de una finca de 116.09 cuerdas situada en el Barrio Susúa Baja, del término municipal de Yauco, formada por agrupación de dos de menor tamaño; que al sur de la finca así agrupada pasa un camino conocido con el nombre de "Las Palomas" y al sur de éste ubican varias casas pequeñas pertenecientes a distintas personas, las que disfrutan de los solares en que sus casas enclavan, sin pagar canon o merced de clase alguna; que una de esas personas lo era Damiana Ortiz, quien tenía una casita de madera en el so-

lar objeto del presente injunction; que unos seis meses antes de radicarse la demanda Damiana Ortiz trasladó su pequeña casa a una parcela cedídale por la Autoridad de Tierras, ocurrido lo cual el demandante mandó a uno de sus empleados a cercar, y éste cercó, el solar que así quedaba yermo; que el demandado tenía otra casa de madera contigua a la de Damiana Ortiz y allá para los días 19 al 21 de abril de 1947, o sea unos diez días antes de la radicación de la demanda, destruyó la cerca que dividía ambos solares y construyó una amplia casa de madera, con anexos, en el solar originalmente ocupado por la Sra. Ortiz, objeto del presente injunction.

La del demandado tendió a demostrar que si bien es cierto que originalmente Damiana Ortiz tenía una casa en el solar en controversia, para la fecha en que se radicó la demanda hacía como dos años y medio que él había adquirido dicha casa de la Ortiz, habiéndola ampliado y estando en posesión desde entonces.

En adición a la prueba testifical y documental ofrecida, las partes solicitaron de la corte inferior que practicara una inspección ocular y ésta así lo hizo. Como resultado de la prueba aducida y de la inspección ocular efectuada la corte de distrito llegó a la conclusión de que el demandante, como cuestión de hecho, no ha estado en posesión del solar en disputa dentro del año inmediatamente anterior al archivo de la demanda y, conforme ya hemos indicado, declaró sin lugar la demanda.

Por largos años ha sido práctica de este Tribunal no alterar las conclusiones de hecho a que llegue una corte inferior, a no ser que se nos convenza de que al apreciar la prueba ella cometió manifiesto error o actuó movida por pasión, prejuicio o parcialidad. Véanse *Rivera* v. *López,* 66 D.P.R. 210 y *Machuca* v. *Autoridad de Fuentes Fluviales,* 66 D.P.R. 182, y la Regla 52(*a*) de las de Enjuiciamiento Civil para las cortes de Puerto Rico, las que por disposición expresa

de la núm. 81(*a*) son aplicables a procedimientos de esta naturaleza. La lectura que hemos hecho de la transcripción de evidencia nos convence de que la corte inferior estuvo justificada en sus conclusiones. Los dos primeros errores no han sido, en su consecuencia, cometidos.

 Al discutir su tercer señalamiento sostiene el apelante que podría argüirse por el apelado que el artículo 694 del Código de Enjuiciamiento Civil, Edición de 1933,(¹) hace imperativa la condena en costas y que éstas para la fecha en que se aprobó la ley proveyendo procedimientos para recobrar la posesión de la propiedad inmueble a veces comprendía honorarios de abogado, pero que a su juicio la palabra costas, tal cual fué usada en dicho estatuto tuvo un sentido estricto y limitado y excluye tales honorarios.

De seguro, al disponer el legislador en el artículo 5 de la Ley que "se impondrán las costas a la parte contra la cual se dictare sentencia" se empleó la palabra costas con el significado que tenía para la fecha de la aprobación de la ley. Cf. *Jiménez* v. *Corte*, 65 D.P.R. 37, 40. Para aquel entonces el artículo 327 del Código de Enjuiciamiento Civil proveía que "En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, *si la materia litigiosa excede de quinientos dollars,* tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios." (Bastardillas nuestras.) Claramente se ve que para aquel entonces la palabra costas no incluía, como cuestión de derecho, los honorarios de abogado, a no ser que la materia litigiosa excediera de $500. Así lo interpretó este Tribunal en los casos de *Veve* v. *Municipio de Fajardo,* 18 D.P.R. 764, 769; *Cautiño et al.* v. *Muñoz et al.,* 18 D.P.R. 881 889 y *Alonso* v. *Maymí,* 19 D.P.R. 34, 35. En el de autos solamente está envuelta la posesión

---

(¹) Artículo 5 de la Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble (Núm. 43 de 13 de marzo de 1913, pág. 85).

de un solar como cuestión de hecho y no ha habido prueba alguna al efecto de que dicha posesión tenga un valor en exceso de $500.

Empero, la condena en honorarios de abogado en este caso se debe incuestionablemente, no a que la corte inferior creyera que tenía que imponerlos como cuestión de derecho bajo la ley especial de 1913, creadora de los interdictos para recobrar la posesión, sino basada en el artículo 327 del Código de Enjuiciamiento Civil, tal cual fué enmendado por la Ley núm. 94 de 11 de mayo de 1937 (pág. 239). Según éste, la condena en costas es imperativa y los honorarios de abogado sólo se impondrán cuando el tribunal a quo considera que la parte perdidosa ha sido temeraria. *Colón v. Asociación Cooperativa Lafayette,* 67 D.P.R. 271. Si basado en el referido artículo un tribunal inferior incluye en su sentencia el pago de honorarios de abogado, lo hace así discrecionalmente y en la impresión de que ha habido temeridad de parte de aquél que es vencido en juicio. No intervendremos con tal discreción a menos que se nos convenza de que ha habido un claro abuso de la misma.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.