José C. Rivera, demandante y apelado, *v.* José Goytía Alicea, Bienvenida Guadalupe, Floirán conocido por Flor Goytía Alicea y Petra Caraballo, demandados y apelantes.

Núm. 9900.—*Sometido:* Mayo 2, 1949. *Resuelto:* Mayo 25, 1949.

*Emilio Buitrago Vergara,* abogado de los apelantes; *R. A. Arroyo Ríos* y *J. Calasanz Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En el presente caso la Corte de Distrito de Humacao dictó sentencia declarando con lugar la demanda, inexistente el contrato de compraventa otorgado mediante escritura pública por José Goytía Alicea y su esposa Bienvenida Guadalupe a favor de los codemandados Flor Goytía Alicea y su esposa Petra Caraballo, y ordenando la cancelación de la inscripción de esa escritura en el Registro de la Propiedad y el otorgamiento por José Goytía Alicea del documento correspondiente a favor de José Calasanz Rivera, trasmitiendo a éste la mitad de la finca de 10.36 cuerdas que se describe en la demanda, con costas a los demandados.

Flor Goytía Alicea y Petra Caraballo apelaron de esa sentencia y alegan que fué un error de la corte sentenciadora no dar crédito al testigo José Goytía Alicea, fundada en que por estar este demandado en rebeldía él no podía declarar como testigo de ellos; y que ésta erró igualmente al apreciar la prueba y al no declararse sin jurisdicción.

Por no haber contestado ni radicado oportunamente alegación alguna a la demanda, la rebeldía de los demandados José Goytía Alicea y su esposa Bienvenida Guadalupe fué anotada por el demandante. Regla 55 de las de Enjuiciamiento Civil. Mientras desfilaba la prueba de los codemandados Flor Goytía Alicea y Petra Caraballo, éstos llamaron como testigo a José Goytía Alicea. El demandante manifestó inmediatamente que se oponía a la presentación de este testigo, porque una parte en rebeldía no tiene derecho a tomar participación alguna en procedimientos ulteriores. La corte resolvió oír a Goytía, para darle luego la credibilidad que creyera. A este respecto manifestó en su opinión lo siguiente:

"Los demandados José Goytía y Bienvenida Guadalupe no comparecieron y su rebeldía fué anotada en 28 de noviembre de 1945 de suerte que estos demandados por su no comparecencia aceptaron los hechos alegados por el demandante. La declaración de José Goytía en este caso no puede ser creída por la corte puesto que la misma está en conflicto con las alegaciones de la demanda en la cual él y su esposa figuran como demandados ya que aceptaron lo alegado en dicha demanda al no comparecer en el pleito y alegar contra las pretensiones del demandante que alega una confabulación entre éstos y los otros demandados para defraudar los derechos que dicho demandante tenía en la porción del terreno descrito. Habiendo aceptado José Goytía la forma del contrato para llevar el demandante el pleito de oposición al expediente de dominio de Canuta Figueroa, no puede testificar en corte y establecer un contrato distinto, pues tuvo la oportunidad de así hacerlo al ser notificado de la demanda."

Y citó en apoyo de su conclusión 14 Cal. Jur., pág. 887, pár. 19, donde se dice que "un demandado a quien se ha anotado la rebeldía en el curso ordinario del procedimiento está fuera de la corte y no está autorizado a dar paso alguno en la causa que afecte los derechos del demandante."

Fué sin duda un error de la corte a quo expresarse en la forma en que lo hizo. La rebeldía de un demandado admite todas las materias bien alegadas en una demanda, autoriza que se dicte sentencia en su contra de conformidad

con la ley e impide que tal demandado ofrezca prueba en su propio beneficio y en contra de lo alegado por el demandante. *Muñiz* v. *"El Zenit"*, 27 D.P.R. 29; *De Hoff* v. *Black*, 175 S.E. 179; *Christerson* v. *French*, 180 Cal. 523; *LaClede Land & Improvement Co* v. *Creason*, 175 S.W. 55; *Hollifield* v. *Southern Bell Telephone and Telegraph Co.*, 90 S.E. 996. Sin embargo, un demandado en rebeldía tiene derecho a contrainterrogar a los testigos del demandante, a impugnar la cuantía de los daños reclamados, y a apelar de la sentencia. *Pérez Hnos.* v. *Oliver et al.*, 11 D.P.R. 397, 403; 31 Am. Jur., págs. 134 y 135, secciones 521 y 523; *Cf. Sucn. Chavier* v. *Sucn. Giráldez*, 15 D.P.R. 154, 167. Y cuando, como ocurre en este caso, la acción se entabla contra dos o más demandados y se anota la rebeldía de uno de ellos, en el juicio que se celebre contra el otro o los otros, el demandado en rebeldía puede participar y ser llamado como testigo. 31 Am. Jur., supra; *Electrolytic Chlorine Co.* v. *Wallace & Tiernan Co.*, 41 S.W.2d 1049, 78 A.L.R. 930, 939; *Morton* v. *Bailey*, 27 Am. Dec. 767. Nada había en verdad que impidiera que José Goytía Alicea, por estar en rebeldía, ocupara la silla testifical al ser llamado por sus codemandados. Desde luego, al apreciar su testimonio la corte debía tomar en consideración no sólo el hecho de que al dejarse anotar la rebeldía él había admitido las alegaciones esenciales de la demanda, sino también el interés que pudiera tener en el caso. Empero, no creemos que el error cometido deba dar lugar a la revocación de la sentencia, ya que como veremos al discutir el siguiente error señalado ella tampoco dió crédito a la otra prueba ofrecida por los demandados.

█ La prueba testifical del demandante estuvo a tono con las alegaciones de su demanda y tendió a demostrar que él, en su carácter de abogado, representó ante los tribunales a un número de personas—entre ellas José y Flor Goytía Alicea—que se opusieron a un expediente de dominio radicado ante la Corte de Distrito de Humacao por Canuta Fi-

gueroa y otros; que dicho expediente fué a juicio al convertirse en contencioso; que se dictó sentencia declarando el mismo sin lugar y que habiéndose apelado para ante esta corte de la sentencia dictada, más tarde se desistió del recurso; que poco después se entabló otro expediente de dominio a nombre de José Goytía Alicea, uno de los opositores, y que el mismo fué declarado con lugar, efectuándose la inscripción correspondiente en el Registro de la Propiedad; que en pago de sus servicios profesionales y careciendo la sucesión Goytía de dinero, se convino en que se le daría un condominio equivalente a la mitad de la finca de 10.36 cuerdas, objeto del segundo expediente de dominio; que en febrero de 1945 se hizo a su favor un traspaso verbal del indicado condominio y que posteriormente se efectuó una mensura de la finca por el ingeniero Juan R. López de Victoria, levantándose el plano correspondiente y pagando él por el valor de la mitad del trabajo, siendo la otra mitad pagada por José Goytía Alicea; que en 3 de octubre de 1945 José Goytía Alicea traspasó por escritura pública toda la finca a su hermano Flor Goytía Alicea y su esposa Petra Caraballo; y que dicha venta fué simulada y fraudulenta.

También ofreció el demandante como prueba la escritura de compraventa otorgada por José Goytía Alicea y esposa a favor de la codemandada Petra Caraballo, en la cual se hace constar que la finca de 10.36 cuerdas objeto de la misma se vendió "por el precio de $500, moneda legal corriente que el vendedor confiesa tener recibida de manos del comprador."

La prueba testifical de los demandados tendió a demostrar que Petra Caraballo le había prestado a José Goytía Alicea, en distintas cantidades, la suma total de $450, comprometiéndose el prestatario a devolverle $460; que de la cantidad tomada a préstamo José Goytía Alicea pagó al demandante la suma total de $300 por los servicios profesionales que éste le rindió a él y a la sucesión a que pertenecía; que José

Goytía Alicea utilizó el resto del dinero para el pago de la enfermedad y entierro de un hijo suyo; y que por las 10.36 cuerdas Petra Caraballo pagó a José Goytía Alicea $500 adicionales, en cien billetes de $5 cada uno, en presencia del notario, o sea un total de $960.

La corte a quo apreció la prueba testifical y documental y llegó a la conclusión de que el traspaso de la finca a los codemandados había sido simulado y fraudulento. Hemos examinado cuidadosamente la totalidad de la transcripción de evidencia y a nuestro juicio en los autos hay suficiente prueba para justificar la conclusión a que llegó la corte. *Machuca v. Autoridad de Fuentes Fluviales,* 66 D.P.R. 182; *Rivera v. López,* 66 D.P.R. 210; *González v. Vélez,* 68 D.P.R. 904.

█ La corte inferior claramente tenía jurisdicción para conocer del caso. En la demanda se alega específicamente que el valor del condominio es de $550 y a ese mismo efecto declaró el propio demandante. *Flesh v. Texidor, Juez,* 27 D.P.R. 890, 892.

*Debe confirmarse la sentencia apelada.*