# 95 DTA 33

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

HECTOR SOLA LOPEZ
Querellante-Peticionario

v.

BANCO DE COMERCIO DE PUERTO RICO
Querellado-Recurrido

Núm. KLCE-95-00013

San Juan, Puerto Rico, a 23 de marzo de 1995

Panel integrado por su presidente, Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 11 de enero de 1995, el peticionario, Sr. Héctor Solá López, presentó una querella por su alegado despido injustificado contra el Banco de Comercio de Puerto Rico, en adelante, *"el Banco"*. En la misma alegó en síntesis que fue despedido el 4 de septiembre de 1992 por razones discriminatorias luego de ofrecer o intentar ofrecer testimonio ante un foro administrativo, lo que alegadamente le ha ocasionado daños consistentes en salarios dejados de percibir desde el momento de su despido, así como *"daños y perjuicios y angustias mentales"* resultantes del alegado discrimen, los que estimó en una suma no menor de $200,000.00, excluyendo el *"lucro cesante"*. ■ Para la tramitación de la acción instada el peticionario se acogió al procedimiento especial de carácter sumario establecido mediante la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*

Se desprende de los documentos que obran en autos que el Banco fue notificado de la reclamación instada el 11 de enero de 1995 y apercibido en el mandamiento de citación diligenciado del término dispuesto en la sección 3 de la Ley Núm. 2, 32 L.P.R.A. sec. 3120, para presentar su contestación. El 25 de enero de 1995 y no habiéndose contestado la querella, el peticionario-recurrente presentó una solicitud de anotación de rebeldía y sentencia. El 1 de febrero de 1995, es decir, once (11) días luego de la expiración del término dispuesto por dicha Ley, el Banco presentó su contestación negando las alegaciones relacionadas con las causas de acción incluidas en la demanda instada y levantó una serie de defensas afirmativas. Por su parte, el 4 de febrero el peticionario compareció nuevamente, esta vez mediante un escrito titulado *"Moción en Oposición a que se Permita la Contestación a la Querella, Por Falta de Jurisdicción y Solicitud de que se Dicte Sentencia"*. Como el título de este último escrito sugiere, el peticionario postula que el tribunal de instancia carecía de jurisdicción para considerar la contestación a la querella, toda vez que la misma fue presentada fuera del plazo de diez (10)días preceptuado en la ley invocada, sin que la parte querellada presentara moción juramentada en solicitud de prórroga exponiendo los motivos justificativos de su proceder.

Consideradas como fueron dichas mociones, el 9 de febrero de 1995 el tribunal de instancia emitió una orden en la que declaró *"no ha lugar"* las mociones presentadas por el peticionario y acogiendo la contestación a la querella. Inconforme con dicha determinación el peticionario interpuso el recurso que nos ocupa argumentando que en las circunstancias particulares del presente caso, el tribunal de instancia incidió al así dictaminar.

En atención al recurso presentado, el 16 de febrero de 1995 emitimos orden concediendo a la parte recurrida un término de diez (10) días para exponer su posición. Oportunamente la recurrida sometió su escrito en cumplimiento de orden. En el mismo acepta que no solicitó prórroga ni sometió escrito juramentado alguno excusando la dilación e indica las razones por las cuales no presentó la contestación dentro de dicho término ▇ ello para argumentar que resultaba procedente denegar la expedición del auto solicitado. Adujo en apoyo a tal argumento que aún en el caso donde el tribunal hubiese dispuesto la anotación de la rebeldía, procedía el relevo de ésta conforme a lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 49.2. Por último la parte recurrida trajo a nuestra atención que había advenido en conocimiento del fallecimiento del peticionario, extremo que fue admitido por la representación legal de este último en el escrito en réplica que presentó, en el que indicó que su representado había fallecido en el mes de febrero del año en curso y que oportunamente habría de solicitar la correspondiente sustitución de parte para incluir a los integrantes de la sucesión de éste, alegadamente cuatro (4) hijos menores y la viuda ▇

Encontrándonos en condición de dictaminar luego de considerar el recurso que nos ocupa a la luz de la totalidad de los documentos que obran en autos, la oposición formulada y el derecho aplicable, resolvemos que resulta procedente expedir el auto solicitado para revocar las resoluciones recurridas.

Desde el año 1917 en que se aprobó la Ley Núm. 10 de ese año, que establecía un trámite rápido y sencillo para la tramitación de las reclamaciones de salarios, la política pública en Puerto Rico ha sido clara a los efectos de que tales reclamaciones se ventilen prontamente mediante un procedimiento sumario y especial. *Informe Sometido al Consejo sobre la Reforma de la Justicia en Puerto Rico por el Comité Laboral* (30 de septiembre de 1974), pág. 45. Dicha política pública quedó reafirmada mediante la Ley Núm. 2 de 17 de octubre de 1961, la que es fundamentalmente igual a la derogada Ley Núm. 10 de 1917. La enmienda principal introducida por la Ley Núm. 2 consistió en adicionarle lo relativo a la forma en que habrían de aplicarse las Reglas de Procedimiento Civil relacionadas con el descubrimiento de prueba a dicho trámite. *Dorado Beach Corp. v. Tribunal Superior*, 92 D.P.R. 610, 615 (1965). Quedó así inalterado el propósito y naturaleza de dicho procedimiento, cuya esencia y médula

es el procesamiento sumario y la rápida disposición de dichas reclamaciones. *Díaz v. Hotel Miramar Corp.,* 103 D.P.R. 314, 316 (1975). En este sentido concurrimos con el Tribunal Supremo al afirmar que la naturaleza sumaria del procedimiento creado mediante dicha ley y el apremiante interés público en la pronta resolución de disputas laborales no debe ser objeto de controversia. *Mercado Cintrón v. ZETA Communications,* ___ D.P.R. ___ (1994), **94 J.T.S. 50.** Por ello y como bien se ha expresado, *"los tribunales del país [tienen el deber] de darle estricto cumplimiento al procedimiento sumario de dicha Ley",* atendiendo así el mandato de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. *Id.,* a la pág. 11777.

Debemos aquí indicar antes de pasar a considerar las circunstancias particulares del caso que nos ocupa a la luz del derecho aplicable y la jurisprudencia interpretativa, que ninguna controversia existe en cuanto a la aplicabilidad de la Ley Núm. 2 como vehículo apropiado para tramitar judicialmente la reclamación de la parte peticionaria, extremo que no ha sido cuestionado por el Banco querellado■

## II

Dirigiendo nuestra atención a la situación particular que nos ocupa, nos encontramos con el caso tantas veces repetido donde la parte querellada ignora totalmente el esquema procesal especial de la Ley Núm. 2 de 1961, el que en lo pertinente dispone en su sección tres como sigue:

*"El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, **dentro de diez (10) días después de la notificación,** si éste se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. **Solamente a moción de la parte querellada la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio en que se expongan bajo juramento los motivos para que ello tuviere la parte querellada podrá el Juez si de la faz de la moción encontrara causa justificada,** prorrogar el término para contestar. **En ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prórroga".** (Énfasis suplido).

Un examen de los autos refleja que el tribunal de instancia aceptó la contestación a la querella que fue presentada luego de haber transcurrido los diez (10) días que dispone la Ley para contestar, ello tras declarar sin lugar tanto la solicitud de anotación de rebeldía como la posterior en oposición a que se admitiera la contestación, ambas presentadas por el peticionario. Surge también que al presentar tardíamente su contestación, la parte querellada no presentó una moción en solicitud de prórroga ni expuso bajo juramento los motivos justificativos de la dilación como expresamente lo requiere la Ley. Tampoco indicó el tribunal las razones que tuvo para aceptar la contestación tardíamente presentada, lo que claramente contraviene los términos de la Ley. En tales circunstancias y como claramente ha resuelto el Tribunal Supremo, el tribunal recurrido no tenía discreción ni facultad alguna para actuar como lo hizo. *Mercado Cintrón v. ZETA Communications Inc., supra,* pág. 11774.

Pasando a considerar la consecuencia del incumplimiento procesal antes indicado, ninguna duda debe existir en cuanto a que ello tiene el alcance legal de una aceptación de los hechos correctamente alegados en lo que respecta al despido discriminatorio, el que así admitido dejó de ser objeto de controversia. Desde ese limitado alcance, ninguna discreción tenía el tribunal de instancia para negarse a anotar la rebeldía de la parte querellada. Ahora bien, en lo que respecta a lo dispuesto en la sección 4 de la Ley Núm. 2, 32 L.P.R.A. sec. 3121, que en lo pertinente dispone que en el caso en que el querellado no conteste en la forma y dentro del

término dispuesto en la precitada sección, a instancia del querellante el juez dictará sentencia concediendo el remedio solicitado ▇ ello obviamente está limitado a reclamaciones judiciales por concepto de compensación por trabajo o labor realizada o de cualquier derecho o beneficio que haya sido debidamente alegado en la querella y que sea susceptible de determinación mediante cómputo matemático, lo que no es la situación en el caso que nos ocupa. Basta aquí con señalar que en lo que respecta a reclamaciones por despido injustificado y salarios, su tramitación bajo el procedimiento sumario dispuesto por la Ley Núm. 2 y la procedencia de un pronunciamiento de sentencia en rebeldía en casos apropiados resulta permisible sin infringir ni violentar el debido proceso de ley, por tratarse de asuntos de apremiante interés público dentro de un ámbito de derecho altamente reglamentado. *Resto Maldonado v. Galarza Rosario,* 117 D.P.R. 458 (1986); *Landrum Mills v. Tribunal Superior,* 92 D.P.R. 689, 691-692 (1965); *Dorado Beach v. Tribunal,* 92 D.P.R. 610 (1965). En tales casos el patrono cuenta con toda la información pertinente a la reclamación del obrero o empleado, lo que lo coloca en condición de presentar expeditamente su contestación a tales alegaciones y reclamaciones, quedando así expuesto a la rigurosidad y consecuencia del trámite procesal prescrito por el legislador para tales reclamaciones.

Al examinar la situación particular del caso que nos ocupa, significativo resulta que el peticionario no formula en la querella alegaciones apropiadas que permitan determinar mediante cómputo matemático los salarios dejados de percibir luego de su despido. Observamos también que en la misma solicita como remedio independiente la concesión de indemnización por los sufrimientos y angustias mentales resultantes de su alegado despido por razones discriminatorias, lo que obviamente hace imperativo la celebración de una vista para acreditar y probar los mismos previo a la concesión de los daños reclamados por tal concepto. Ello cobra mayor vigencia, ante el hecho de que el peticionario falleció con posterioridad a la interposición de la querella. Como sabemos bajo cualesquiera circunstancias en que se tramite un caso de daños y perjuicios en rebeldía, la cuantía de daños debe ser objeto de prueba, *Continental Insurance Co. v. Isleta Marina,* 106 D.P.R. 809 (1978), norma de derecho que en forma alguna conflige con la Ley Núm. 2 invocada por el peticionario, cuya finalidad no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia, *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500, 507 (1982), sino lograr la rapidez y diligencia de las partes y del tribunal en la evaluación, trámite y disposición de las reclamaciones laborales, evitando así que el patrono dilate innecesaria y viciosamente los procedimientos. *Secretario del Trabajo v. J.C. Penney Inc.,* 119 D.P.R. 660 (1987).

Resolvemos en consecuencia que incidió el tribunal de instancia al negarse a anotar la rebeldía de la parte querellada, por lo que resulta procedente expedir el auto solicitado para revocar las resoluciones recurridas para ordenar tal anotación y la continuación del trámite procesal en rebeldía. Procederá así el tribunal de instancia a señalar vista en rebeldía, en ocasión de la cual la parte peticionaria vendrá obligada a aportar prueba en cuanto a la cuantía de los daños reclamados, en cuyo proceso la querellada podrá contrainterrogar a los testigos de la parte querellante e impugnar la cuantía de los daños. *Continental Insurance Co. v. Isleta Marina, supra,* pág. 818; *Rivera v. Goytía,* 70 D.P.R. 30, 33 (1949).

Por los fundamentos antes expuestos se expide el auto solicitado para dictar sentencia revocatoria de las resoluciones recurridas. Así revocadas se ordena la anotación de la rebeldía del Banco recurrido y se devuelve el caso al foro de instancia para la continuación de los procedimientos en forma consistente con lo antes dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**1.** De las alegaciones de la querella se desprende que la reclamación del demandante fue instada al amparo de la Ley Núm. 115 de 20 diciembre de 1991. Mediante ésta se creó una causa de acción especial *"para conceder remedios adicionales tales como compensación por daños reales y emocionales"* a favor de todo empleado que fuera despedido, amenazado u objeto de discrimen en su cargo por ofrecer testimonio ante un foro legislativo, administrativo o judicial, a la vez que enmienda el Artículo 2 de la Ley Núm. 80 de 1976, 29 L.P.R.A. sec. 185 (b) para establecer *"las normas evidenciarias para probar un despido ilegal bajo esta causal".* (Véase Exposición de Motivos de la Ley Núm. 115 de 20 de diciembre de 1991).

**2.** En su escrito expone la recurrida, sin acreditarlo bajo juramento, que *"[el] atraso de ocho (8) días [sic] en contestar la querella se debió a un error del Oficial de Acatamiento del Bancomercio al referir la querella de epígrafe tardíamente a los abogados suscribientes".* (Moción mostrando causa, pág. 2).

**3.** Véase réplica a moción mostrando causa, escrito que fue presentado por la parte peticionaria el 6 de marzo de 1995.

**4.** Como sabemos, el procedimiento especial establecido en la Ley Núm. 2 es vehículo apropiado para reclamar judicialmente: (a) cualquier salario o beneficio; o (b) cualquier suma por concepto de compensación por trabajo o labor realizados, o por compensación en caso de que dicho obrero hubiere sido despedido de su empleo sin causa justificada. Ruy N. Delgado Zayas, *Manual Informativo de Legislación Protectora del Trabajo de Puerto Rico,* San Juan (1988), pág. 339; Ley Núm. 2, sec. 1, 32 L.P.R.A. 3118. También está disponible dicho procedimiento cuando el legislador así lo ha dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores. Ejemplo de ello lo son la Ley 73 de 4 de mayo de 1931, 29 L.P.R.A. sec. 187, 188, (Gravamen por labor de operarios); Ley 428 de 15 de mayo de 1950, 29 L.P.R.A. sec. 690 (Seguro social choferil); Ley 128 de 26 de junio de 1968, 9 L.P.R.A. sec. 2054 (Por despido, empleado acogido a beneficios de A.C.A.A.); Ley 139 de 26 de junio de 1968, 11 L.P.R.A. sec. 203 (Por despido, empleado acogido a beneficios de S.I.N.O.T.); Ley 141 de 29 de junio de 1969, 29 L.P.R.A. sec. 2004 (Ingreso garantizado para los trabajadores de la industria azucarera en su fase agrícola); Ley 142 de 29 de junio de 1969, 29 L.P.R.A. sec. 2024 (Ingreso garantizado-agrícola); Ley 48 de 29 de mayo de 1973, 29 L.P.R.A. sec. 153 (Despido para sustituir por extranjero ilegal); la Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. sec. 1338 (Discrimen por razón de sexo).

**5.** La sección 4 de la Ley dispone en lo pertinente:

*"Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos [sic] en la sección 3120 de este título, el juez dictará sentencia contra el querellado, a instancia del querellante, concediendo el remedio solicitado. En este caso dicha sentencia será final y de la misma no podrá apelarse; disponiéndose, sin embargo, que el querellado podrá acudir del Tribunal de Distrito al Tribunal Superior correspondiente, o del Tribunal Superior en que se haya originado la reclamación al Tribunal Supremo, ... para que se revisen los procedimientos."*