# 95 DTA 38

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I - SAN JUAN PANEL II - SUSTITUTO A

LUZ ZORAIDA ROSADO MENDEZ
Parte Recurrida

v.

OSVALDO ROMERO AVILES
Parte Peticionaria

Núm. KLCE-95-00046

San Juan, Puerto Rico, a 27 de marzo de 1995

Panel integrado por su presidente, Juez González Román,
y los Jueces Ortiz Carrión y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso se origina en un pleito de división de bienes gananciales en el cual a la parte demandada se le anotó rebeldía por incumplimiento con las órdenes dictadas por el Tribunal. El recurso solicita la revisión de una orden dictada el 25 de enero de 1995, mediante la cual el Tribunal denegó una solicitud de toma de deposición presentada por la parte demandada, aquí peticionaria. En su denegatoria el Tribunal expresó que un demandado en rebeldía no puede practicar prueba y que tan sólo puede contrainterrogar, y por ello no está facultado a conducir descubrimiento.

El peticionario sostiene que un demandado en rebeldía, en adición a su derecho a asistir a la vista, contrainterrogar a los testigos de la otra parte, impugnar la cuantía y apelar la sentencia, tiene derecho a descubrir prueba. Alega también que la orden objeto de este recurso viola el debido proceso de ley y que la interpretación del Tribunal es absurda ya que aduce que si un demandado puede contrainterrogar en la vista adjudicativa debe tener derecho a descubrir prueba para prepararse adecuadamente.

Veamos porqué al peticionario no le asiste la razón:

El descubrimiento de prueba en los casos civiles debe ser amplio y liberal, *Rivera Alejandro v. Algarín,* 112 D.P.R. 830 (1982); *Lluch v. España Service Sta.,* 117 D.P.R.729 (1986); *Ades v. Zalman,* 115 D.P.R. 514 (1984) y *Aponte v. Sears Roebuck de P.R. Inc.,* ___ D.P.R. ___ (1993), **93 J.T.S. 23.** La Regla 23.2(a) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III reza:

*"Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la relación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros documentos..."*

Por otro lado, la Regla 23.4 dispone lo siguiente:

*"Las partes concluirán las gestiones relacionadas con el descubrimiento de prueba dentro del término de sesenta (60) días siguientes a la notificación de la contestación a la demanda, reconvención, demanda contra tercero y demanda contra coparte. El tribunal tendrá facultad para prorrogar o acortar dicho término según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia."*

La Regla 27.1 permite, luego de iniciado un pleito, a cualquier parte tomar el testimonio de cualquier persona, incluyendo el de una parte, mediante deposición en forma de examen oral. Estas reglas procesales facultan a las partes a utilizar unos mecanismos para el descubrimiento de prueba dentro del término de sesenta días siguientes a la contestación de cualquier pliego.

Ahora bien, la Regla 45.1 de las Reglas de Procedimiento Civil lee:

*"El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2(b)(3)."*

Dispone esta regla que el tribunal podrá emitir una orden eliminando las alegaciones o parte de las mismas, o suspendiendo todos los procedimientos posteriores hasta que la orden sea acatada, o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte que incumpliere. Para un demandado en rebeldía dicha anotación tendrá el efecto de que *"se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)."*

Además la Regla 45.2 en su inciso (b) dispone:

*"Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada de cualquier vista en rebeldía que celebre."*

En *Rivera v. Goytía,* 70 D.P.R. 30 (1940), se establece que, al anotársele la rebeldía a una parte, ésta renuncia a su derecho a presentar prueba contra las alegaciones de la demanda, y a levantar defensas afirmativas. Esta norma, reiterada en *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809 (1978), dictamina que a una parte demandada en rebeldía que ha comparecido al pleito previamente, le cobija tan sólo el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia.

La rebeldía es una norma procesal en el beneficio de una buena administración de la función adjudicatoria, con vías a estimular la tramitación de los casos y no para conferir ventaja a una parte, *Román v. Díaz,* 113 D.P.R. 500 (1982). Reiteradamente se ha sostenido en nuestro ordenamiento procesal civil la imposición de severas sanciones para aquellos casos extremos en que no exista duda de la irresponsabilidad o contumacia de la parte contra quien se toman medidas drásticas. *Acevedo v. Co. Telefónica,* 102 D.P.R. 787 (1994). De igual forma también se permite la eliminación de las alegaciones, en el caso de un demandado, o la desestimación de la demanda en el caso de un demandante como parte de las referidas sanciones.

Al peticionario Osvaldo Romero Avilés se le eliminaron todas las alegaciones en autos y se le anotó rebeldía el 2 de noviembre de 1993. Entre los hechos que provocaron dicha anotación se encuentran los siguientes: el Sr. Romero no cumplió con preparar un listado de bienes muebles conforme lo ordenado en la minuta del 2 de septiembre de 1993, fecha que fue extendida hasta el 18 de octubre de 1993 sin que tampoco diera cumplimiento con la misma. Tampoco satisfizo la suma de $1,500 correspondiente a la mitad de los honorarios del Perito Tasador nombrado por el Tribunal de Primera Instancia. El 4 de octubre de 1993 se le concedió al Sr. Romero Avilés el término improrrogable de 5 días para abonar la mitad de los honorarios del referido perito y hasta el 25 de octubre de 1993 para que consignara, directamente en la Secretaría del Tribunal, los fondos procedentes de una cuenta en Suiza que el peticionario había acordado trasladar, primero por estipulación y luego mediante decreto judicial. El Sr. Romero Avilés no cumplió con ninguna de las órdenes y se evidenció, ante el honorable foro, que había entorpecido la transferencia de fondos del banco suizo en un esfuerzo por burlar las directrices· del Tribunal. El Tribunal de Primera Instancia señaló y reseñaló varias vistas de desacato a las que el demandado-recurrente no compareció.

Al peticionario Romero Avilés no le asiste el derecho a descubrir prueba. La anotación en rebeldía limita la participación del demandado en los procedimientos subsiguientes a la anotación. La misma impide también que contra quien se anote rebeldía ofrezca prueba en su

propio beneficio y en contra de lo alegado por el demandante. La rebeldía se impuso como sanción a la conducta procesal observada por el demandado Osvaldo Romero Avilés ante el tribunal *a quo*. Con su conducta desafiante y contumaz, el peticionario renunció a presentar prueba contra las alegaciones, así como a los medios procesales para descubrirla. Si a un demandante el Tribunal le impone una sanción drástica, el remedio apropiado sería la desestimación de la demanda. Esta sanción impediría al demandante procedimiento ulterior. Igual suerte corre el demandado que desobedece las órdenes del Tribunal.

Por los fundamentos anteriormente expuestos confirmamos la resolución del Tribunal de Primera Instancia.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General