Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CORNERSTONE ELECTRICAL SUPPLY LLC<br><br>Apelado<br><br>v.<br><br>YAEL E. PÉREZ VELÁZQUEZ, YANZARIS J. RAMOS RIVERA, SUN ACCESS LLC<br><br>Apelantes | TA2025AP00411 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Loíza<br><br>Caso Núm.: FA2025CV00403<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero- Ordinario |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante este Tribunal de Apelaciones el señor Yanzaris J. Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos (en conjunto, apelantes) mediante el recurso de epígrafe y nos solicitan que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Loíza (TPI) el 29 de agosto y notificada en esta misma fecha.

Adelantamos que, por los fundamentos que expondremos a continuación, revocamos la sentencia apelada.

**I**

Según surge del expediente, el 22 de abril de 2025 la compañía Cornerstone Electrical Supply LLC (Cornerstone; apelada) instó una *Demanda* por cobro de dinero contra Yael E. Pérez Velázquez, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos; Yanzaris J. Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos; la compañía Sun Access LLC; y la compañía de nombre desconocido bajo el pseudónimo Empresas ABC.[1] En esta, alegó que los

---
[1] SUMAC, Entrada 1, en FA2025CV00403.

codemandados mencionados habían adquirido productos pertenecientes a Cornerstone y, habiéndose comprometido a pagar por dichos productos, no habían cumplido con lo prometido, por lo que adeudaban la cantidad de $35,156.65. Por tal motivo, solicitaron al tribunal que dictara sentencia y ordenara a los codemandados el pago de lo adeudado más el interés legal acumulado hasta su liquidación total, más el 33% de la suma principal para gastos, costas y una suma para honorarios de abogados.[2] Los emplazamientos fueron expedidos a nombre de Yael E. Pérez Velázquez, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos; Yanzaris J. Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos y la compañía Sun Access LLC. Posteriormente, Cornerstone notificó al tribunal que estos fueron debidamente diligenciados el 20 y 23 de mayo de 2025.[3]

El 20 de junio de 2025, el señor Yanzaris J. Ramos Rivera y Sun Access, LLC presentaron por derecho propio una moción donde solicitaron al tribunal una prórroga de tiempo, puesto que se encontraban en búsqueda de representación legal.[4] A tal efecto, el 2 de julio de 2025, el TPI concedió la prórroga solicitada y otorgó veinte (20) días para que comparecieran con abogado. Transcurrido el término concedido, el 18 de julio de 2025, Yanzaris J. Ramos Rivera y Sun Access, LLC nuevamente presentaron moción solicitando una prórroga de tiempo puesto que aun continuaban en búsqueda de representación legal.[5] El foro primario concedió la solicitud por segunda vez y dispuso de un término final de veinte (20) días para comparecer, o de lo contrario, se le anotaría la rebeldía.[6] Por otro lado, al no haber comparecido ni solicitado prórroga el señor Yael E. Pérez Velázquez, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos, Cornerstone solicitó al tribunal que le anotara la rebeldía a las partes mencionadas, al igual que a Sun Access, LLC.[7] Conforme a lo

---

[2] *Id.*, pág. 3.
[3] SUMAC, Entrada 9, en FA2025CV00403.
[4] SUMAC, Entrada 11, en FA2025CV00403.
[5] SUMAC, Entrada 13, en FA2025CV00403.
[6] SUMAC, Entrada 14, en FA2025CV00403.
[7] SUMAC, Entrada 15, en FA2025CV00403.

solicitado, el 31 de julio de 2025 el TPI le anotó la rebeldía a Yael E. Pérez Velázquez y a Sun Access, LLC.[8]

Transcurrido el término de la segunda prórroga concedida, Cornerstone solicitó también la anotación de rebeldía para el señor Yanzaris Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta entre ambos por no haber comparecido dentro del periodo ordenado.[9] Ante dicho petitorio, al día siguiente, el foro de instancia emitió una *Sentencia Parcial* donde anotó la rebeldía solicitada y condenó a Yanzaris J. Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos a pagar a Cornerstone la suma de $35,156.65.[10] El 3 de septiembre de 2025, el aludido dictamen fue enmendado para únicamente incluir a Yael E. Pérez Velázquez como deudor responsable del pago ordenado.[11]

Inconforme con lo resuelto por el foro primario, el señor Yanzaris J. Ramos Rivera presentó por derecho propio una *Moción de reconsideración y/o para dejar sin efecto Sentencia en rebeldía; en la alternativa, Moción de Sentencia Sumaria Parcial; Desestimación de reclamaciones personales y contra la Sociedad de Gananciales; y Solicitud de sanciones por abuso del proceso.*[12] Esta fue declarada No Ha Lugar.[13] Aún inconforme, los apelantes, esta vez con representación legal, presentaron el recurso de epígrafe ante este foro intermedio y en su escrito expusieron los siguientes señalamientos de error:

1) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL CONDENAR A LOS DEMANDADOS-APELANTES AL PAGO DE LA SUMA $35,156.65 SIN QUE SE CUMPLIERAN LOS REQUISITOS DE LA REGLA 45 DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA APLICABLE.

2) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL CONDENAR A LOS DEMANDADOS-APELANTES AL PAGO DE LA SUMA $35,156.65 EN SU CARÁCTER PERSONAL, ASÍ COMO A SUS RESPECTIVAS ESPOSAS Y LAS SOCIEDADES

---

[8] SUMAC, Entrada 16, en FA2025CV00403.
[9] SUMAC, Entrada 17, en FA2025CV00403.
[10] SUMAC, Entrada 18, en FA2025CV00403.
[11] SUMAC, Entrada 20, en FA2025CV00403.
[12] SUMAC, Entrada 21, en FA2025CV00403.
[13] SUMAC, Entrada 24, en FA2025CV00403.

LEGALES GANANCIALES, SIN QUE SE CUMPLIERAN LOS REQUISITOS PARA QUE SE DESCORRA EL VELO CORPORATIVO.

3) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL Y SENTENCIA PARCIAL ENMENDADA SIN QUE SE INCLUYERA UNA PARTE INDISPENSABLE EN EL PROCEDIMIENTO.

4) ERRÓ EN DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE RELEVO DE SENTENCIA RADICADA POR LOS DEMANDADOS-APELANTES.

Mediante *Resolución* concedimos a la parte apelada hasta el 5 de noviembre de 2025 para presentar su posición. Esta compareció oportunamente mediante escrito titulado *Alegato de la Parte Apelada*. Al contar con el beneficio de la comparecencia de ambas partes, el recurso quedó debidamente perfeccionado y nos hallamos en posición de resolver.

**II**

**A**

Con el fin de desalentar las dilaciones innecesarias como estrategia de litigación, existe el mecanismo de la anotación de rebeldía. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). En lo pertinente, las Reglas 45.1 y 45.2 de las Reglas de Procedimiento Civil disponen que se puede dictar una sentencia en rebeldía cuando la parte demandada haya sido anotado en rebeldía y leen como sigue:

**Regla 45.1. Anotación**

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3). Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. 32 LPRA Ap. V., R. 45.1.

**Regla 45.2. Sentencia**

Podrá dictarse sentencia en rebeldía en los casos siguiente:

(a) [...]

(b) Por el tribunal. — En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre. 32 LPRA Ap. V., R. 45.2.

La Regla 45.1 indica que el tribunal puede anotar en rebeldía por incomparecencia a una parte debidamente emplazada o como sanción por no acatar una orden del foro. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823-824 (2023). La consecuencia de una anotación en rebeldía es la admisión de los hechos correctamente alegados y tomados como cierto. *Id*, pág. 825, 32 LPRA Ap. V., R. 45.1. Al tener por admitido los hechos correctamente alegados, el tribunal debe evaluar si las alegaciones contienen los elementos de la causa de acción y si justifica la concesión de un remedio. *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 825. No obstante, el Tribunal Supremo ha reiterado que los tribunales no pueden conceder indemnizaciones por el mero hecho que el caso se ventila en rebeldía. *Continental Insurance Ins. Co. v. Isleta Marina*, 106 DPR 809, 817. **Las aseveraciones se deben aquilatar por medio de la prueba y el tribunal deberá celebrar vistas según sea necesario.** *Id.* El Tribunal Supremo ha resuelto que "[un] demandado en rebeldía tiene derecho a contrainterrogar a los testigos del demandante, a impugnar la cuantía de los daños reclamados, y a apelar de la sentencia". *Rivera v. Goytía Alicea*, 70 DPR 30, 33 (1949). Además, añade que un demandado en rebeldía, "*No renuncia a las defensas de falta de jurisdicción ni de que la demanda no*

*aduce a hechos constitutivos de una causa de acción en favor del reclamante*". *Continental Ins. Co. v. Isleta Marina*, *supra*, pág. 817.

En ocasión de interpretar la citada regla, el Tribunal Supremo puntualizó lo siguiente:

> Existe apreciable diferencia entre la acción puramente ministerial del secretario y la función decisional del juez, según corresponda a uno u otro adjudicar un pleito en rebeldía. Resulta obvio, que los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Para el descargo de tan delicado ministerio, la ley reconoce que el proceso de formar consciencia judicial exige la comprobación 'de cualquier aseveración' mediante prueba. A tal efecto, el tribunal 'deberá celebrar las vistas que crea necesarias y adecuadas.' Y con referencia a una parte demandada en rebeldía –que ha comparecido previamente– **le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia**. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante. *Continental Ins. Co. v. Isleta Marina*, *supra*, a la pág. 817, que cita a *Rivera v. Goytía*, 70 DPR 30, 33 (1949); *Pérez Hnos. v. Oliver, et al.*, 11 DPR 397 (1906).

> En otras palabras, un trámite en rebeldía no garantiza *per se*, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho. (Énfasis nuestro.) *Continental Ins. Co. v. Isleta Marina*, *supra*.

**B**

Una de las características principales de una corporación es que **estas tienen personalidad jurídica separada e independiente a la de sus dueños o accionistas**. (Énfasis nuestro.) *Miramar Marine v. Citi Walk*, 198 DPR 684, 691 (2017)*,* que cita a C.E. Díaz Olivo, *Corporaciones: Tratado sobre derecho corporativo*, Colombia, [s. Ed.], 2016, págs. 2 y 45; M. Muñoz Rivera, *Ley de Corporaciones de Puerto Rico: análisis y comentarios*, 1ra ed., San Juan, Ed. Situm, 2015, pág. 7. Estas personas jurídicas, por lo general, no serán responsables de deudas de la entidad, sino hasta el monto de su inversión. *Santiago et al. v. Rodríguez et al.*, 181 DPR 204, 214 (2011), que cita a C.E. Díaz Olivo, *Corporaciones,* San Juan, Publicaciones Puertorriqueñas, 2005, pág. 11.

Ahora bien, hay ocasiones en las que estará justificado imponer responsabilidad personal a los accionistas bajo la doctrina de descorrer el velo corporativo. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993). Sin embargo, de ordinario, la posibilidad de rasgar el velo corporativo para imponer responsabilidad personal a los accionistas es la excepción a la regla general de la responsabilidad limitada de los accionistas por las deudas y obligaciones de la corporación. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993). Lo anterior es así, ya que, la corporación tiene su propia personalidad jurídica y su propio patrimonio, distinto al de sus accionistas. *Id.* Véase, *Sucn. Santaella v. Srio. de Hacienda*, 96 DPR 442, 451 (1968). Así, no procede invocar la doctrina de descorrer el velo corporativo para derrotar la esencia misma del concepto corporativo.

Sin embargo, "no se sostendrá la ficción jurídica de una corporación si ello equivale a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". *Díaz Aponte v. Comunidad San José, Inc.,* 130 DPR 782, 798 (1992).

A tales efectos, el profesor Carlos E. Díaz Olivo discute cuáles son los principios rectores en la aplicación de la doctrina de descorrer el velo corporativo; a saber:

1. La aplicación de la doctrina depende de los hechos específicos de cada caso;

2. El ignorar la entidad corporativa constituye la excepción a la regla;

3. La corporación posee una personalidad jurídica separada y distinta de sus accionistas y la regla general es al efecto de que la existencia de la corporación, independientemente de sus accionistas no puede ser ignorada o descartada;

4. El fracaso de la corporación en su gestión económica, su administración deficiente, y la falla en observar las formalidades corporativas no son por sí mismos razón suficiente para desconocer la entidad;

5. El mero hecho de que una persona sea el único accionista de una corporación no conlleva de por sí la imposición de responsabilidad individual;

6. El peso de la prueba recae sobre la parte que busca descorrer el velo y propone la imposición de responsabilidad individual a los accionistas;

7. El peso de la prueba no se descarga con la mera alegación de que la empresa es un *alter ego* de los accionistas;

8. La prueba del que solicita el desconocimiento debe ser prueba fuerte y robusta. C.E. Díaz Olivo, *Corporaciones: Tratado de derecho corporativo* Puerto Rico, 2018, pág. 120.

Por el contrario, se descorrerá el velo corporativo cuando se demuestre la concurrencia de los siguientes elementos:

1. La corporación se utiliza como un instrumento o *alter ego* de los accionistas; es decir, existe tal identidad de interés y propiedad, que la corporación y la persona de sus accionistas se hallen confundidas;

2. Los accionistas cometen ciertos actos concretos de naturaleza fraudulenta o ilegal; de manera que los hechos sean de tal naturaleza que el sostener la ficción de la corporación derrota la política pública por equivaler a sancionar la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad; y

3. Existe una relación causal entre la utilización de la corporación como un instrumento o *alter ego* y el fraude o acto ilegal perpetuado. *Id.*, págs. 120-121; 140-141.

Cabe señalar que los mismos principios de las corporaciones comprendidas con varios accionistas, aplican a las que únicamente tienen un solo accionista. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, *supra*, pág. 924. De hecho, como ya planteado, el mero hecho de que un solo accionista sea dueño de todas las acciones de una corporación no implica necesariamente que sea un *alter ego* de la persona natural ni que exista confusión o mutualidad de sus intereses, de manera que amerite la imposición de responsabilidad individual. *Id.*, pág. 926, que cita a *Cruz v. Ramírez,* 75 DPR 947, 954 (1954); *Swiggett v. Swigett, Inc.*, 55 DPR 76, 83-84 (1939). El promovente de la causa de acción que solicita que se imponga responsabilidad personal a los accionistas de una corporación, tiene el

peso de la prueba, y solo después de ello, el Tribunal de Primera Instancia podrá evaluar la evidencia ante su consideración para determinar si se justifica o no descorrer el velo corporativo. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, *supra*, pág. 926. De tal forma, no será suficiente las meras alegaciones del promovente *Id.*, pág. 927. La presentación de dicha prueba "dependerá de los hechos y las circunstancias específicas del caso particular a la luz de la prueba presentada". *D.A.Co. v. Alturas Fl. Dev. Corp. y otro, supra*, págs. 925-926.

Ahora bien, el hecho de que "los accionistas utilicen o hagan de la corporación un instrumento o *alter ego* de sus intereses, no es nada impropio e ilegal", pues "[a] fin de cuentas, la corporación no puede ser otra cosa que un *alter ego* de sus accionistas, ya que es una ficción jurídica sin vida natural, cuya razón de ser es precisamente los intereses y bienestar de sus accionistas". Díaz Olivo, *op. cit.,* pág. 142. La excepción, reiteramos, será si ese dominio y control de los accionistas se utiliza para perpetuar algún fraude o ilegalidad. *Id.*

**III**

Los apelantes en su recurso exponen cuatro señalamientos de error donde tres de ellos están dirigidos a la sentencia emitida por el TPI. En síntesis, estos son que el foro primario **se equivocó en dictar una sentencia sin haber celebrado vista en rebeldía**, por consiguiente hallar responsables en su carácter personal a las partes Yael E. Pérez Velázquez; Yanzaris J. Ramos Rivera, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos sin que se halla corrido el velo corporativo y, por último, haber dictado sentencia sin incluir a la compañía de nombre desconocido Empresas ABC, quien alegan figura como parte indispensable. Para concluir, como cuarto señalamiento de error, alegaron que el TPI desacertó al declarar No Ha Lugar la moción de reconsideración presentada por los apelantes a pesar de haber incidido en el debido proceso de ley. Al estar íntimamente relacionados los primeros tres señalamientos de error, los discutiremos en conjunto. Veamos.

Tal y como se desprende del expediente del caso, **el tribunal de instancia debidamente anotó la rebeldía de las partes demandadas por no haber presentado alegación responsiva alguna dentro del tiempo correspondiente**. No obstante, **procedió a dictar sentencia rápidamente sin haber celebrado vista alguna para que se desfilara prueba y se acreditara que la alegada deuda era en efecto líquida y exigible**, y más allá de ello, que las personas demandas figuraban como deudores. Ello adquiere mayor relevancia ante el hecho de que en el expediente no hay prueba alguna traída por la parte apelada que constara que hubo acuerdo entre los Cornerstone y los apelantes, que estos dejaron de cumplirlo y que por ello, son responsables en su carácter personal.

Como resultado de lo anterior, el foro primario emitió una sentencia sin ver el caso en sus méritos, basándose en meras alegaciones conclusorias, por lo que cabe mencionar que, como dicta nuestro ordenamiento jurídico, una anotación de rebeldía no garantiza una sentencia a favor de la parte demandante ni se trata de una adjudicación favorable automática. Más bien, dicha anotación tiene el efecto de que se tomen como ciertos los hechos bien alegados por el demandante y provoca la renuncia de la parte en rebeldía a presentar prueba contra las alegaciones de la demanda, a levantar defensas afirmativas y se allana a que se dicte sentencia sumaria. No obstante, no libera al demandante de tener que comprobar la veracidad de cualquier aseveración mediante prueba. Por tanto, hallamos que el foro primario erró en dictar sentencia sin celebración de vista en rebeldía y, por consiguiente, hallar a los apelantes responsables en su carácter personal sin haberse probado la existencia de obligación alguna entre las partes. Tampoco se dilucidó el alcance de responsabilidad personal de los apelantes en comparación con la compañía Sun Access, LLC. No obstante, decidimos que no estamos en posición para determinar que la compañía de nombre desconocido Empresas ABC figura como parte indispensable, pues no se ha presentado prueba al respecto y tampoco ha sido emplazada.

Discutido lo anterior, atendemos el último señalamiento de error, el cual también hallamos fue cometido por el foro de instancia. Correspondía que este declarara nula su sentencia al ser emitida en violación al debido proceso de ley por las razones ya expuestas. Sin embargo, ello no tendría efecto alguno en esta etapa de los procedimientos.

Por tanto, en vista del derecho aplicable y su jurisprudencia interpretativa, hallamos que el TPI erró en su dictamen por lo que somos del criterio que procede su revocación.

## IV

Por los fundamentos esbozados, revocamos la decisión apelada y devolvemos el caso al tribunal de procedencia para que se celebre la vista en rebeldía.

**Notifíquese.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones