Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES<br><br>Apelada<br><br>v.<br><br>DIGHEONTECH, INC., ASEGURADORA XYZ<br><br>Apelante | KLAN202500334 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: SJ2023CV08380 Sala 701<br><br>Sobre: Cobro de Dinero, Incumplimiento de Contrato, Daños y Perjuicios, Contractuales, Nulidad |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, jueza ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 31 de julio de 2025.

La parte apelante compuesta por Digheontech, Inc., en adelante Digheontech o parte apelante, solicita que revisemos la Sentencia emitida y notificada el 20 de marzo de 2025, que el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante TPI o foro primario, dictó en su contra. Por los fundamentos que expondremos a continuación, se revoca la Sentencia apelada.

Los hechos que dan génesis a la controversia que hoy atendemos se detallan a continuación.

**I.**

El 1 de septiembre de 2023, la Administración de Compensación por Accidentes de Automóviles, en adelante ACAA o apelada, presentó una Demanda sobre incumplimiento de contrato, daños y perjuicios contractuales y nulidad en contra de la parte

Número Identificador

SEN2025 _____

apelante.[1] En la Demanda, la parte apelada solicitó la resolución de unos contratos suscritos con la parte apelante y la devolución de los pagos realizados. Posteriormente, el 24 de octubre de 2023, Digheontech presentó una Moción en Solicitud de Prórroga para Someter Alegación Responsiva a la Demanda, mediante la cual solicitó una prórroga para contestar la Demanda y se sometió a la jurisdicción del Tribunal.[2]

Tras el incumplimiento de la parte apelante, el 30 de noviembre de 2023, ACAA presentó una Moción Solicitando Rebeldía contra la Parte Demandada Digheontech Inc, donde solicitó que se le anotara la rebeldía a la parte apelante.[3] Así las cosas, el 3 de diciembre de 2023, el TPI emitió una Orden mediante la cual le anotó la rebeldía a la parte apelante.[4] Sin embargo, el 12 de diciembre de 2023, Digheontech presentó una Contestación a Demanda y Reconvención.[5] Además, presentó una Moción de Reconsideración en Solicitud de que se Levante Anotación de Rebeldía.[6]

El 13 de diciembre de 2023, el foro primario emitió una Orden mediante la cual dejó sin efecto la anotación de rebeldía a Digheontech.[7] Luego de varios incidentes procesales y ante el incumplimiento de la parte apelante con el descubrimiento de prueba, el 22 de mayo de 2024, el TPI emitió una Orden mediante la cual le advirtió a Digheontech de la imposición de sanciones como la eliminación de las alegaciones y la desestimación de la Reconvención.[8] El 11 de septiembre de 2024, el foro primario emitió una Orden mediante la cual le impuso a la parte apelante una

---

[1] Recurso de Apelación, Apéndice 1.
[2] Véase entrada número 14 de SUMAC.
[3] Véase entrada número 16 de SUMAC.
[4] Véase entrada número 17 de SUMAC.
[5] Véase entrada número 21 de SUMAC.
[6] Véase entrada número 22 de SUMAC.
[7] Véase entrada número 26 de SUMAC.
[8] Véase entrada número 29 de SUMAC.

sanción de $300.00, por la dilación en el descubrimiento de prueba.[9] Asimismo, el 2 de octubre de 2024, el TPI emitió una Orden mediante la cual le impuso a Digheontech una sanción adicional de $200.00 y le advirtió que de incumplir en un término de diez (10) días con la Orden del 11 de septiembre de 2024, se desestimaría la Reconvención.[10]

Más adelante, el 9 de diciembre de 2024, la representación legal de la parte apelante presentó una Moción de Renuncia a Representación Legal.[11] Ese mismo día, el TPI emitió una Orden mediante la cual declaró Con Lugar la solicitud de renuncia de representación legal y concedió un término de veinte (20) días para que la parte apelante anunciara su nueva representación legal.[12] Así las cosas, el 3 de enero de 2025, el foro primario emitió una Orden.[13] En la misma, le concedió un término de quince (15) días a la parte apelante para anunciar su representación legal y le impuso una sanción de $100.00. Además, le advirtió a Digheontech que ante un nuevo incumplimiento se le anotaría la rebeldía.

Luego, el 22 de enero de 2025, la ACAA presentó una Moción Solicitando Rebeldía […].[14] En igual fecha, el TPI emitió una Orden mediante la cual declaró Con Lugar la solicitud de la parte apelada y, en consecuencia, dejó sin efecto la alegación responsiva de la parte apelante, le anotó la rebeldía y desestimó la Reconvención presentada.[15] Ante ello, el 20 de marzo de 2025, el foro primario emitió una Sentencia en rebeldía mediante la cual ordenó, entre otras cosas, la resolución de los contratos #2018-L0049, #2018-L0060 y #2018-L0066.[16] Asimismo, ordenó a la parte apelante la

---

[9] Véase entrada número 78 de SUMAC.
[10] Véase entrada número 79 de SUMAC.
[11] Véase entrada número 85 de SUMAC.
[12] Véase entrada número 86 de SUMAC.
[13] Véase entrada número 87 de SUMAC.
[14] Véase entrada número 88 de SUMAC.
[15] Véase entrada número 89 de SUMAC.
[16] Recurso de Apelación, Apéndice 20.

devolución a la parte apelada de $306,950.01, pagados por los servicios pactados y no cumplidos en virtud de los referidos contratos y sus enmiendas.

Inconforme, el 6 de febrero de 2025, la parte apelante presentó una Moción de Reconsideración y en Solicitud de que se Levante Anotación de Rebeldía.[17] En atención a lo anterior, el 21 de marzo de 2025, el TPI emitió una Resolución Interlocutoria mediante la cual declaró No Ha Lugar la solicitud de reconsideración que presentó Digheontech.[18] Inconforme aun, la parte apelante acude ante nos mediante el recurso de epígrafe y señala que el TPI cometió los siguientes errores:

PRIMER ERROR

Erró el Tribunal de Primera Instancia al anotar la rebeldía a la Parte Demandada, como sanción y negarse a levantarla, cuando era clara la existencia de una buena defensa en los méritos; no se ocasionaba perjuicio a la parte demandante y las circunstancias del caso no revelaban un ánimo contumaz o temerario de la parte a quien le fue anotada la rebeldía.

SEGUNDO ERROR

Erró el Tribunal de Primera Instancia al dictar Sentencia en rebeldía sin celebración de juicio en su fondo en un caso que requiere prueba pericial sobre hechos complejos, sin permitir contrainterrogatorio o evaluación judicial.

Por su parte, el 21 de mayo de 2025, ACAA presentó el Alegato de la Parte Apelada. Luego de evaluados los escritos presentados por las partes, estamos en posición de resolver.

**II.**

La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). La anotación de rebeldía es un mecanismo procesal

---

[17] Recurso de Apelación, Apéndice 21.
[18] Recurso de Apelación, Apéndice 24.

que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 587.

Son tres (3) los fundamentos por los cuales una parte puede ser declarada en rebeldía, estos son:

a. por no comparecer al proceso después de haber sido debidamente emplazada.

b. por no contestar o alegar en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse.

c. o cuando una parte se niega a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 587-588. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002).

Anotada la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor, Inc.,* 212 DPR 807, 824 (2023); *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 590. Este proceder brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005).

Ahora bien, si bien la anotación de rebeldía y hasta la sentencia en rebeldía pudiera justificarse como sanción por el incumplimiento con una orden del tribunal, no debemos olvidar que tal determinación, por sus implicaciones, siempre se debe dar dentro del marco de lo que es justo. La ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590.

Así pues, como norma general, el trámite en rebeldía tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. *Álamo v. Supermercado Grande, Inc., supra,* pág. 101. Ello no priva al tribunal de evaluar si en virtud de tales hechos, no controvertidos, existe válidamente una causa de acción que amerita la concesión del remedio reclamado. *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 816 (1978). En vista de la cual, se ha descartado el descargue automático de la función adjudicativa mediante la sentencia en rebeldía al entender que "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba". *Álamo v. Supermercado Grande, Inc., supra,* citando a *Hernández v. Espinoza,* 145 DPR 248, 272 (1998).

Claramente, si para que un tribunal pueda dictar sentencia en rebeldía le es necesario comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas. *Álamo v. Supermercado Grande, Inc., supra,* pág. 102. *Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997). A una parte demandada en rebeldía – que ha comparecido previamente – le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Mitsubishi Motors v. Lunor, Inc., supra,* pág. 825-826. Además, no renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante. En otras palabras, un trámite en rebeldía no garantiza *per se*, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados, como tampoco conclusiones de derecho. *Continental Ins. Co. v. Isleta Marina, supra*, pág. 817. El tribunal solo podrá dictar sentencia en rebeldía, si concluye que procede la concesión del

remedio solicitado. *González Pagan v. SLG Moret Brunet*, 202 DPR 1062, 1069 (2019).

**III.**

La parte apelante acude ante nos mediante un recurso de apelación y aduce que erró el TPI al anotarle la rebeldía, como sanción y negarse a levantarla, cuando era clara la existencia de una buena defensa en los méritos, no se ocasionaba perjuicio a la parte apelada y las circunstancias del caso no revelaban un ánimo contumaz o temerario de la parte a quien le fue anotada la rebeldía. Además, sostiene que erró el TPI al dictar sentencia en rebeldía sin celebración de juicio en su fondo en un caso que requiere prueba pericial sobre hechos complejos, sin permitir contrainterrogatorio o evaluación judicial.

Por su parte, la ACAA señala que las materias y los hechos bien alegados en la Demanda resultaban suficientes para que el foro primario emitiera la Sentencia en rebeldía, sin la celebración de alguna vista para recibir prueba adicional o confirmar la veracidad de las alegaciones para formar consciencia judicial, mediante la comprobación de las aseveraciones con prueba. La parte apelada arguye que la determinación estaba reservada al TPI y debe ser respetada, ya que se entendió, en su discreción, que las vistas no eran necesarias ni adecuadas.

Según el derecho que antecede, la rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop, supra*. Así, anotada la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor, Inc., supra*. No obstante, ello no priva al tribunal de evaluar si en virtud de tales hechos, no

controvertidos, existe válidamente una causa de acción que amerita la concesión del remedio reclamado. *Continental Ins. Co. v. Isleta Marina, supra.*

Expuesto lo anterior, nos encontramos ante una controversia que requiere la celebración de un juicio en su fondo para que el foro recurrido pueda descargar adecuadamente la función adjudicativa. La controversia en el caso de epígrafe es una de índole contractual, con alegadas metas de programación incumplidas que, conforme la Contestación a Demanda se ha pagado, con fondos públicos, por algunos *deliverables* que ahora se reclaman como incumplidos.

Por consiguiente, mediante la celebración de un juicio se podría analizar correctamente si la parte apelante cumplió o no con sus obligaciones contractuales. No debemos perder de perspectiva que, "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba". *Álamo v. Supermercado Grande, Inc., supra.* Además, tampoco es posible obviar que, a una parte demandada en rebeldía – que ha comparecido previamente – le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra.* Como es el caso de la parte apelante.

**IV.**

Por los fundamentos expuestos, se revoca la Sentencia en rebeldía dictada en contra de la parte apelante.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES<br><br>Demandante Apelada<br><br><br>v.<br><br><br>**DIGHEONTECH, INC.**, ASEGURADORA XYZ<br><br>**Demandada Apelante** | KLAN202500334 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2024CV04674 Sala 701<br><br>Sobre: Cobro de Dinero, Incumplimiento de Contrato, Daños y Perjuicios, Contractuales, Nulidad |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

## VOTO DISIDENTE
## DEL JUEZ CANDELARIA ROSA

En San Juan, Puerto Rico, a  31  de julio de 2025.

En este caso compareció Digheontech, Inc. mediante recurso de apelación y solicitó que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 20 de marzo de 2025. En dicho dictamen, se dictó sentencia en rebeldía al amparo de la Regla 45.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) y se ordenó la resolución de dos (2) contratos y la devolución a la parte apelada del importe trescientos seis mil novecientos cincuenta dólares con un centavo ($306,950.01), entre otros asuntos. Contrario a la mayoría del panel, hubiese confirmado tal determinación. Ergo, disiento.

En síntesis, el caso de epígrafe trata de una demanda por cobro de dinero, incumplimiento contractual y daños y perjuicios, entre otros.

Según el expediente, la Administración de Compensación por Accidentes de Automóviles (ACAA o apelada) y Digheontech formalizaron tres (3) contratos de servicios profesionales para la programación de certificaciones digitales entre el 29 de noviembre de 2017 y el 27 de diciembre de 2019. Por los servicios de la apelante, la ACAA pagó una cantidad total de trescientos seis mil novecientos cincuenta dólares con un centavo ($306,950.01). No obstante, luego de varias enmiendas contractuales y prórrogas, se alega que la apelante nunca entregó a la ACAA un producto final estable.

A razón de ello, la ACAA presentó una demanda contra Digheontech por (1) incumplimiento contractual; (2) fraude, dolo y/o engaño en la contratación y en las certificaciones de las facturas; (3) infracciones a la *Ley de Gobierno Electrónico*, Ley Núm. 151-2004 (3 LPRA sec. 991 *et seq.*). El 24 de octubre de 2023, Digheontech, sin someterse a la jurisdicción del tribunal, solicitó prórroga para responder a la demanda, y el 27 de octubre de 2023 el foro recurrido le concedió treinta (30) días para presentar su alegación responsiva. No obstante, la apelante nunca presentó su contestación, por lo que el 30 de noviembre de 2023 la apelada solicitó que se anotara la rebeldía de Digheontech. El 4 de diciembre de 2023, el foro de primera instancia resolvió con lugar esta última moción.

A consecuencia de lo anterior, la ACAA peticionó que se emitiera sentencia en rebeldía contra Digheontech. Sin embargo, el 12 de diciembre de 2023, la apelante presentó su contestación a la demanda y reconvención, al igual que una solicitud de reconsideración de que se levantara la anotación de rebeldía, aduciendo que su aseguradora tardó en denegar cubrir el caso y la representación legal de

la apelante se encontraba inmerso en un caso criminal, por lo cual no se percató de la referida denegatoria de la aseguradora. Ante esto, el foro primario dejó sin efecto la anotación de rebeldía contra Digheontech y aceptó su contestación a la demanda.

Luego de la apelante presentar una contestación enmendada a la demanda y reconvención, más otros trámites procesales, Digheontech solicitó prórroga para contestar el interrogatorio y producir los documentos requeridos, aduciendo que no tiene el personal para reproducir toda la información y documentación necesaria para el descubrimiento de prueba. Ese mismo día, el Tribunal de Primera Instancia reconoció la dilación de la apelante en cumplir con el descubrimiento de prueba y le concedió, so pena de sanciones, treinta (30) días para someter la producción de documentos y las contestaciones a los pliegos de interrogatorios del 22 de diciembre de 2023, 19 de enero de 2024 y 3 de abril de 2024. El 17 de julio de 2024, posterior al término concedido, Digheontech solicitó una breve extensión para someter las contestaciones, ya que el abogado sufrió la pérdida de dos familiares cercanos a causa de feminicidios, por lo cual se concedió hasta el 15 de agosto de 2024.

A pesar de lo anterior, el 4 de septiembre de 2024, la ACAA solicitó que se emitieran sanciones contra Digheontech por ésta nunca presentar las contestaciones o los documentos. En oposición, la apelante argumentó que la dilación responde a (1) la complejidad de las controversias y la prueba; (2) la necesidad de recopilar comunicaciones y documentos de servidores que no se encontraban en el control de la empresa; (3) el requerimiento de buscar en cajas archivadas por empleados que ya no laboran en la empresa y en las que no tenían

índices adecuados; y (4) que ya contestaron a los pliegos interrogatorios. Asimismo, la apelante informó que le notificó a la apelada la Contestación al Pliego de Interrogatorio y Producción de Documentos del 3 de abril de 2024.

No obstante, al no entregar las contestaciones a los otros interrogatorios, el 11 de septiembre de 2024, el Tribunal impuso a la apelante una sanción monetaria, la cual fue aumentada el 2 de octubre de 2024 por el incumplimiento de pagar la sanción inicial. A razón de ello, Digheontech adujo que los interrogatorios restantes son obsoletos y que no abonan al proceso de litigio, ya que la ACAA envió tres interrogatorios que solo cambian en relación con la persona a la que van dirigidos. Asimismo, la apelante alegó que la ACAA mantiene el control sobre la información y documentación que ésta requiere.

Luego de autorizarse la renuncia de la representación legal de la apelante, Digheontech solicitó una prórroga para presentar las contestaciones a los interrogatorios restantes, ya que el presidente de la empresa, el señor Anthony Rivera Díaz (señor Rivera Díaz), alegadamente estaba en el Estado de Massachusetts para recibir un tratamiento agresivo para cáncer. Sin concederle dicha prórroga, el 9 de diciembre de 2024, el Tribunal apelado le otorgó a Digheontech veinte (20) días para anunciar nueva representación legal. No obstante, ante el incumplimiento de esta última orden, el 3 de enero de 2025, dicho foro le impuso a la apelante otra sanción y le concedió quince (15) días adicionales para anunciar a su nueva representar legal, so pena de sanciones adicionales, las cuales podrían incluir la anotación de rebeldía.

Una vez más, Digheontech incumplió con la orden del Tribunal, por lo cual, ante la solicitud de la ACAA, dicho foro dejó sin efecto las alegaciones responsivas presentadas por la apelante, anotó la rebeldía de ésta y desestimó la reconvención. En su moción de reconsideración, la apelante alegó que (1) ya no tiene personal de oficina; (2) el señor Rivera Díaz está residiendo en Massachusetts por una emergencia familiar; (3) el agente residente entendía que iba a recibir cualquier orden judicial vía correo electrónico; y (4) el anterior abogado de la apelante tuvo que entrar al Sistema Unificado de Manejo y Administración de Casos (SUMAC) para averiguar si había alguna novedad. Ante esta solicitud, el foro primario resolvió sin lugar.

Con este trasfondo en lugar, el Tribunal de Primera Instancia emitió *Sentencia* en rebeldía y ordenó la resolución de dos (2) contratos y la devolución a la parte apelada del importe trescientos seis mil novecientos cincuenta dólares con un centavo ($306,950.01), entre otros asuntos. Igualmente, resolvió sin lugar la posterior solicitud de reconsideración de la Digheontech.

Insatisfecha, la apelante recurrió mediante el presente recurso para alegar que el Tribunal apelado erró al (1) anotarle la rebeldía cuando era clara la existencia de una buena defensa en los méritos, no se ocasionaba perjuicio a la apelada y las circunstancias del caso no revelaban un ánimo contumaz o temerario de Digheontech; y (2) dictar *Sentencia* en rebeldía sin celebración de juicio en su fondo en un caso que requiere prueba pericial sobre hechos complejos, sin permitir contrainterrogatorio o evaluación judicial. En oposición, la ACAA argumenta que (1) Digheontech utilizó la dilación como estrategia de litigación; (2) el Tribunal desestimó los daños y su importe, por lo cual

es innecesario celebrar una vista; y (3) el apelante no ha evidenciado la necesidad de una vista.

Vale recordar que en nuestro ordenamiento jurídico se presume que los tribunales primarios actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). Dicho de otro modo, los foros apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los foros primarios. *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021). A esos efectos, "la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida, 'no exista base suficiente que apoye su determinación'". *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022) (citando a *Gómez Márquez et al. v. El Oriental*, 203 DPR 783 (2020)). Por tanto, los foros revisores no deben intervenir con las determinaciones de hechos de los jueces de instancia, salvo que medie error manifiesto, pasión, prejuicio o parcialidad. Íd. (citando a *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194 (2021)).

Ahora bien, cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario anotará su rebeldía. Regla 45.1 de Procedimiento Civil, *supra*. Similarmente, cuando una parte se niegue a obedecer una orden para llevar a cabo o permitir el descubrimiento de prueba, el foro primario, *motu proprio* o a moción de parte, podrá ordenar (1) la eliminación de las alegaciones

o parte de ellas; (2) suspender todos los procedimientos posteriores hasta que la orden sea catada; (3) desestimar el pleito o procedimiento, o cualquier parte de ellos; o (4) dictar una sentencia en rebeldía contra la parte que incumpla. Íd., R. 34.3 y 45.1.

A consecuencia de lo anterior, la anotación de rebeldía tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. Íd., R. 45.1. No obstante, la eliminación de alegaciones no conlleva automáticamente la inexistencia de controversias de hechos que justifica el que no se celebre una vista evidenciaria. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023) (citando a *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288 (2012)). Si el Tribunal, para ejecutar o dictar sentencia en rebeldía, ve necesario comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el mismo deberá celebrar las vistas necesarias y adecuadas, o encomendar la cuestión a un comisionado o una comisionada. Regla 45.2 de Procedimiento Civil, *supra*. De las alegaciones afirmativas, el tribunal deberá evaluar si existen los elementos de la causa de acción y si amerita el remedio solicitado. *Mitsubishi Motor v. Lunor y otros*, *supra*. Véase, también, *Rivera v. Goytía*, 70 DPR 30 (1949).

Claro, antes de ordenar la desestimación del pleito o la eliminación de las alegaciones, el Tribunal deberá primero apercibir de la situación y consecuencias a la representación legal de la parte y concederle la oportunidad para responder. *Mitsubishi Motor v. Lunor y otros*, *supra*. De la parte no responder al apercibimiento, el Tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto, quien tendrá que corregir el incumplimiento cometido dentro del

término razonable y no menor de treinta (30) días que el Tribunal de Primera Instancia le conceda. Íd. (citando a *HRS Erase v. CMT*, 205 DPR 689 (2020)). Si la parte no toma acción correctiva dentro del término referido, el adjudicador se encontrará en posición para imponer la sanción que corresponda. Íd.

Por otro lado, el Tribunal tendrá la facultad para dejar sin efecto una anotación de rebeldía por causa justificada, al igual que relevar a una parte o a su representante legal de una sentencia dictada en rebeldía. Reglas 45.3 y 49.2 de Procedimiento Civil, *supra*. Esta oportunidad es conforme a la visión jurisprudencial de que los casos se ventilen en sus méritos, por lo cual la Regla 45.3 de Procedimiento Civil, *supra*, debe interpretarse de manera liberal para así resolver cualquier duda a favor de que se dejen sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011) (citando a *Díaz v. Tribunal Superior*, 93 DPR 79 (1966)). Por tanto, la parte afectada por la anotación de rebeldía podrá presentar la evidencia de las circunstancias que a juicio del tribunal demuestran justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. Íd. Véase, también, *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988) (citando a *Murphy Lugo v. Atl. So. Insurance Co.*, 91 DPR 335 (1964); J.A. Cuevas Segarra, *Práctica procesal puertorriqueña: Procedimiento Civil*, San Juan, Pubs. JTS, 1988, Vol. II, pág. 266; 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, Sec. 2694, págs. 493-494 (1983)). De no existir perjuicio contra la otra parte, el tribunal deberá propiciar la adjudicación de los pleitos en sus méritos. *Neptune*

*Packing Corp. v. Wackenhut Corp.*, *supra* (citando a *JRT v. Missy Mfg. Corp.*, 99 DPR 805 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500 (1982)).

En el presente caso, no advierto que el Tribunal de Primera Instancia haya errado o abusado de su discreción al emitir su *Sentencia* en rebeldía. Del expediente se desprende que, a pesar de las circunstancias personales que el presidente de Digheontech y el anterior abogado de la apelante sufrieron, dicha apelante ha tenido más que suficiente tiempo para recopilar la información y documentación necesaria para cumplir con el descubrimiento de prueba. Esto, por la apelante no haber establecido cuál información o documentación está bajo el control de la ACAA, ni haberme convencido de la complejidad de recolectar la evidencia requerida. Asimismo, los pliegos de interrogatorios requieren contestaciones de cada persona natural o jurídica a quien están dirigidas, aunque dichas contestaciones parezcan similares, visto que en cualquier caso se trata de distintas personas y no un mismo ente.

Por otro lado, es claro que el Tribunal de Primera Instancia tiene la discreción de celebrar o no una vista probatoria al considerar la complejidad del caso, pero en este caso no se advierte un abuso de su discreción en tal sentido. Es decir, lo cierto es que los contratos, las facturas y la correspondencia de la ACAA en cuanto al incumplimiento de Digheontech demuestran la cantidad exacta que la apelada pagó por los servicios solicitados y la expresión reiterada de su preocupación por el mal funcionamiento del producto entregado, con la suficiencia para construir el sustrato legal de la adjudicación efectuada. Asimismo, es evidente que la apelante tuvo varias oportunidades para cumplir con el

descubrimiento de prueba—en particular, con la presentación de las contestaciones de todos los pliegos de interrogatorios en los que se elucidara su posición con respecto a la controversia—y de evidenciar cuál información estaba bajo su control y cuál no, de forma que el Tribunal pudiera atender tal extremo. No obstante, Digheontech nunca presentó argumentos de calado suficiente, que justificaran su negación a presentar todas las contestaciones requeridas, o detalles concretos acerca de los documentos que supuestamente estaban bajo el control de la ACAA. Por tanto, a la luz de tales circunstancias, estimo que el Tribunal de Primera Instancia actuó acorde con la obligación judicial de brindar un remedio oportuno y jurídicamente fundamentado. En tal sentido, considerado el expediente en su integridad, estimo que correspondía convenir con la determinación del Tribunal de Primera Instancia por ser razonable dentro del marco de su discreción. Como la Sentencia emitida no participa de tal criterio, disiento.

Carlos I. Candelaria Rosa
Juez de Apelaciones